**Babagale SOW, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–3529.

United States Court of Appeals, Sixth Circuit.

Aug. 18, 2004.

Mark M. Nesbit, Nesbit Law Firm, Columbus, OH, for Petitioner.

Daniel E. Goldman, Allen W. Hausman, U.S. Department of Justice, Office of Immigration Litigation, Emily A. Radford, U.S. Department of Justice, Office of Litigation, Washington, DC, for Respondent.

Before: SILER, MOORE, and COLE, Circuit Judges.

*ORDER*

Babagale Sow has filed a petition for judicial review of an order of the Board of Immigration Appeals ("BIA"). which affirmed an immigration judge's finding that he was subject to removal as an illegal alien. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Sow alleged that he is a native and citizen of Mauritania, who entered the United States illegally in 1998. He admitted removability and applied for asylum, the withholding of removal, and relief under the United Nations Convention Against Torture. Sow alleged that he had been persecuted in Mauritania because government authorities believed that he belonged to a dissident political group. An immigration judge ("IJ") found that his testimony was not credible and denied the applications for relief. The BIA adopted this finding when it affirmed the IJ's decision.

Sow's current brief does not contain any clear challenge to the BIA's decision to deny his claim under the Convention Against Torture. Therefore, he has abandoned that claim for purposes of judicial review. *See United States v. Mick*, 263 F.3d 553, 567 (6th Cir.2001).

To obtain asylum. Sow must show that he is a refugee whose application merits a favorable exercise of administrative discretion. *See Koliada v. INS*, 259 F.3d 482, 486–87 (6th Cir.2001). A refugee is an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To qualify for the withholding of removal. Sow must show a clear probability of persecution. *Koliada*, 259 F.3d at 488–89. A petition for judicial review should not be granted unless the evidence is so compelling that no reasonable adjudicator could fail to find the requisite fear of persecution. *Id.* at 486.

The BIA noted inconsistencies in the record concerning the alleged theft of Sow's cattle, the death of his father, and his apparent lack of general knowledge regarding Mauritania. It also noted a lack of corroborating evidence regarding Sow's identity and his claim that he had been imprisoned and beaten by government authorities. We must uphold the BIA's finding that Sow was not credible unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Sow now argues that the BIA improperly based its credibility finding on minor inconsistencies and a lack of corroborating evidence. However, the BIA identified discrepancies regarding significant issues, like Sow's national identity, that went to the heart of his claim. *See Yu v. Ashcroft*, 364 F.3d 700, 703–04 (6th Cir.2004). It also properly noted that there was insufficient corroborative evidence, only after the inconsistencies in Sow's testimony had placed his credibility in doubt. *See Chebchoub v. INS*, 257 F.3d 1038, 1043–45 (9th Cir.2001).

The evidence does not compel a finding that Sow is a refugee, as it does not show that he has a well-founded fear of future persecution. *See Yu,* 364 F.3d at 704. Sow's arguments to the contrary are unavailing because they all rely on the assumption that his testimony was credible. As Sow has not established eligibility for asylum, he is necessarily unable to meet the more rigorous test that is required for the withholding of removal. *See Koliada,* 259 F.3d at 489.

Accordingly, the petition for judicial review is denied.